IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NANCY SIMS MEEHAN

v.   CIVIL ACTION NO.

SA04CA0378

INNOVEX AMERICA HOLDING COMPANY
doing business as INNOVEX, INC.

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Nancy Sims Meehan, plaintiff, files this original complaint against Innovex America Holding Company doing business as Innovex, Inc., defendant, and shows the following:

2. This court has jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sec. 621 et seq. and 29 U.S.C. Sec. 626; under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, arises under the statutes and laws of the United states, and is brought for equitable relief and money damages.

3. All administrative remedies have been exhausted, including the timely filing of charges of discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission. Plaintiff also asserts a pendent state law claim for intentional infliction of emotional distress.

4. Plaintiff is a 43 year old female, date of birth, July 9, 1957, residing in San Antonio, Texas.

5. Defendant is a corporation doing business in Texas and operating its business in the Western District of Texas. At all

times relevant hereto, defendant had in excess of twenty employees and was plaintiff's employer.

6. On or about April 12, 2000, plaintiff was hired by defendant as a pharmacy sales representative. At all times during her employment, plaintiff was a good, competent, dependable and loyal employee. Defendant terminated plaintiff on or about May 12, 2003. Notwithstanding plaintiff's continued good evaluations and although plaintiff had performed as a highly effective pharmacy sales representative for defendant, plaintiff was told by defendant that she was being terminated for alleged improper or ineffective job performance. Plaintiff alleges that defendant's reason for termination was a pretext, that defendant's action was taken to deliberately and willfully force plaintiff from her job on account of her age. Plaintiff's age was a determining reason for the action of defendant in terminating plaintiff.

7. At or around the time of her termination, plaintiff became aware of a company-wide practice of terminating older, more established employees and replacing them with younger employees. Due to defendant's pattern, practice, and policy of age discrimination against older employee, plaintiff was subjected to unfair terms, conditions, and privileges of employment because of her age.

8. On or about May 15, 2003, plaintiff filed a charge of discrimination with the Equal employment Opportunity Commission. Plaintiff has received a notice of right to sue on or about April 23, 2004. Thereafter plaintiff timely filed this action.

**FIRST CLAIM FOR RELIEF**

9. Defendant is liable to plaintiff for its age discrimination against her in violation of the Age Discrimination in Employment Act. Defendant's unlawful conduct has proximately caused plaintiff actual damages, including lost income and employment benefits, emotional pain, and suffering and other damages; and plaintiff is entitled to liquidated damages in an appropriate amount due to the willfulness of defendant's violation of the Act.

**SECOND CLAIM FOR RELIEF**

10. Prior to terminating plaintiff, defendant intentionally commenced and carried out a course of conduct which was intended to and which inflicted emotional distress upon plaintiff. Plaintiff's claim for intentional infliction of emotional distress is based, without limitation, upon the following described actions by defendant:

   a. Defendant intentionally subjected plaintiff to abusive, hazardous and unhealthy working conditions by requiring plaintiff to perform her required work duties under such conditions.

   b. Defendant's conduct was intentional or with conscious indifference to the rights of plaintiff and without justification or excuse. Plaintiff, therefore, seeks exemplary damages in a sum determined by the trier of fact.

**PRAYER**

Wherefore, plaintiff requests that defendant be summoned to appear and answer and that on final trial she have the following:

1. Judgment against defendant for damages in an amount within the jurisdictional limits of the

court.

2. An award of exemplary damages against defendant in a sum determined by the trier of fact.

3. Reinstatement of plaintiff to her previously held position, with back pay, front pay and all other benefits to which she is entitled.

4. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal, together with costs of court.

5. Interest prior to judgment from May 12, 2003, to date of judgment at the maximum rate prescribed by law.

6. Her costs in this matter expended.

7. Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.

Plaintiff demands a trial by jury.

                                                Respectfully submitted,

                                                Law Office of Woodrow Epperson

                                                Woodrow Epperson
                                                10565 Katy Freeway
                                                Suite 250
                                                Houston, Texas 77024
                                                (713) 973-6303
                                                FAX (713) 973-1882
                                                State Bar No. 06637000

                                                Attorney in Charge for Nancy Sims Meehan